**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JUAN SEGHELMEBLE, ID # 1701217,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:13-CV-5004-B  (BH)** |
| | ) | |
| **WILLIAM STEPHENS, Director,** | ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order* 3-251, this case has been automatically referred for findings, conclusions, and recommendation.  Based on the relevant findings and applicable law, the habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

### I.  BACKGROUND

Juan Seghelmeble (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on December 26, 2013.  The respondent is William Stephens, Director of TDCJ-CID.

On February 24, 2011, a jury found Petitioner guilty of murder in Cause No. F08-45417-J in the Criminal District Court No. 3 of Dallas County, Texas.  The trial court sentenced him to life imprisonment.  (Pet. at 2); *see also Seghelmeble v. State*, 390 S.W.3d 576 (Tex. App.–Dallas 2012, pet. ref'd); www.tdcj.state.tx.us, search for petitioner.[1]  Petitioner filed a direct appeal in which he asserted that the evidence was factually insufficient to support the jury's finding that he was competent to stand trial and that the trial court erred in denying his motion for continuance.   His conviction was affirmed on direct appeal on October 30, 2012, and a motion for rehearing was

---

[1] Petitioner lists the incorrect trial court, county of conviction, and date of conviction in his federal petition.

overruled on February 1, 2013. *Seghelmeble*, 390 S.W.3d at 576, 578.  The State filed a petition for

discretionary review (PDR) regarding a cross-claim that was raised and rejected on direct appeal,

and the PDR was refused by the Texas Court of Criminal Appeals on May 15, 2013. *See* PD-0253-

13.  Petitioner filed a state application for writ of habeas corpus on November 26, 2013, but it has

not yet been ruled on by the trial court or the Court of Criminal Appeals.  *See*

www.dallascounty.org, search for Cause No. W08-45417-A.

In his federal petition, Petitioner asserts that: 1) he was disoriented at the time of the crime;

2) he was incompetent to stand trial; and 3) his trial counsel provided ineffective assistance of

counsel. (Pet. at 6-7).

## II.  EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief.  28

U.S.C. § 2254(b).  To exhaust in accordance with § 2254, a petitioner must fairly present the factual

and legal basis of any claim to the highest available state court for review prior to raising it in

federal court.  *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*,

762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982).  In Texas,

a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for

discretionary review (PDR) or an application for writ of habeas corpus.  *See Bautista v. McCotter*,

793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432.  To exhaust in accordance with §

2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal

court.  *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

A federal district court may raise the lack of exhaustion *sua sponte*.  *Shute v. State*, 117 F.3d

233, 237 (5th Cir. 1997).  It is well-settled that federal courts can dismiss without prejudice a federal

petition for writ of habeas corpus that contains unexhausted grounds for relief.  *See Rose v. Lundy*,

455 U.S. 509, 510 (1982).  As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, Petitioner has not fairly presented the claims he raises in his federal petition to the Court of Criminal Appeals.  While he did appeal his conviction, he did not file a PDR with the Court of Criminal Appeals.  Furthermore, his state writ application has not yet been ruled on by the trial court or the Court of Criminal Appeals.  The Court of Criminal Appeals has therefore not had an opportunity to review the claims raised in his federal petition.  A ruling from the federal court at this juncture would preempt the state court from performing its proper function.  *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings").  Petitioner is not entitled to habeas corpus relief for failure to exhaust his state remedies.

### III.  RECOMMENDATION

The habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**SIGNED this 18th day of March, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE